IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01852-WYD-KMT

PAUL OTENG; and
B.D. GOLDFIELDS, LTD.,

      Plaintiffs,

v.

GOLDEN STAR RESOURCES, LTD.; and
ST. JUDE RESOURCES, LTD.,

      Defendants.

---

## ORDER

---

THIS MATTER comes before the Court upon a review of the parties' responses to the Court's Order of December 11, 2008.  In that Order, I instructed the parties to file brief statements on the issue of whether Defendants' Motion to Dismiss should be converted to a summary judgment motion because the motion and response both attach affidavits and/or other evidence outside of the pleadings.  I also indicated in that Order that if the motion to dismiss is converted to a summary judgment motion, I would then consider whether to strike the motion and have Defendants submit a new summary judgment motion that complies with my Practice Standards.

Having reviewed the parties' positions, I decline to convert the motion to dismiss into a summary judgment motion.  As explained in Defendants' Position Statement, the majority of arguments made in the motion do not rely on FED. R. CIV. P. 12(b)(6), but on other subsections of Rule 12 that do not require conversion of the motion.  *See, e.g.,*

*Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). This applies to the first argument in the motion—a facial and factual attack claiming lack of alienage subject matter jurisdiction asserted under Rule 12(b)(1), the second argument—lack of subject matter jurisdiction based upon lack of standing asserted under Rule 12(b)(1); and the fourth argument—insufficiency of service of process asserted under Rules 12(b)(5) and 12(b)(2). Further, Plaintiffs and Defendants both assert that evidence and matters outside the pleadings that are relied on by the parties are documents referred to in the complaint and that are central to Plaintiffs' claims. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (conversion not required in such a circumstance).

As to the third argument in the motion—relating to international comity among nations, it is unclear whether this issue should be decided as a jurisdictional issue under Rule 12(b)(1) or under Rule 12(b)(6) for failure to state a claim. As Defendants note, this is a gray area and courts have decided such issues under both rules. Defendants argue that conversion is not required even if the issue is decided under Rule 12(b)(6) as the materials they rely on are referred to in the complaint and are central to Plaintiffs' claims. Plaintiffs appear to dispute this as to certain of the materials. As an alternative, Defendants suggest that the Court defer consideration of the comity argument until after consideration of all the other arguments which are ripe for resolution. Plaintiffs argue that this determination is premature and should be deferred until summary judgment resolution.

I believe that resolution of this issue could well require conversion of the motion to a motion for summary judgment since I find that Rule 12(b)(6) may be implicated.

However, neither party appears to want the motion to dismiss to be converted at this time, and I note that the majority of the motion does not require conversion. Accordingly, I adopt Defendants' suggestion to defer this portion of the motion until a later stage of the litigation. Specifically, I find that the international comity issues should appropriately be resolved at the summary judgment stage.

       Dated: January 5, 2009

                                        BY THE COURT:


                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Chief United States District Judge