IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01852-WYD-KMT

PAUL OTENG, Shareholder Acting for Benefit of
B.D. Goldfields, Ltd., and
B.D. GOLDFIELDS, LTD.,

    Plaintiffs,
v.

GOLDEN STAR RESOURCES, LTD., and
ST. JUDE RESOURCES, LTD.,

    Defendants.

**ORDER**

This matter is before the court on "Defendants' Motion to Stay Discovery, Vacate Scheduling Conference and Deter Fed. R. Civ. P. 16 Scheduling Process Pending Determination of Motion to Dismiss" [Doc. No. 18, filed November 6, 2008]. The court originally denied this motion, believing that it was contested, however reconsidered the ruling on January 5, 2009 and reinstated the motion pending further review. [Doc. No. 41]. Plaintiff, through counsel, advised the court on January 5, 2009, that he concurred in the motion and the conclusion that a stay was warranted in this case.

This derivative action case concerns the ownership, operation and control of a god mining Concession located in the Republic of Ghana, West Africa. As such it presents issues not common to a more pedestrian civil dispute.

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *Landis,* 299 U.S. at 254; *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983) (*quoting Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District, *Chavez v. Young American Ins. Co.*, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007); *Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304 (D. Colo. Aug. 14, 2006).

However, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In considering whether a stay of all discovery pending the outcome of the defendants' Motion to Dismiss [Doc. No. 13, filed November 6, 2009] is warranted, a case-by-case analysis is required because such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. It is universally recognized by the federal courts, that a Rule 12(b)(1) motion challenging the court's subject matter jurisdiction generally alleges that the district court has no authority or competence to hear and decide the case before it. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (2008). The defendants in this case are claiming in their motion to dismiss, among other things, that the federal alienage jurisdiction statute robs the court of subject matter jurisdiction because there are aliens on both sides of the case and that plaintiffs lack standing to pursue the case as a matter of Ghanaian corporate law. (Mot. at 1-2).

Lack of subject matter jurisdiction may be asserted at any time by the court, even *sua sponte*, either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.*

In this case, there is no prejudice to any party by granting a stay; in fact, both parties are now urging the court to stay the discovery process pending resolution of the motion to dismiss. I

agree that in this case it is only sensible to determine these threshold issues of subject matter jurisdiction before putting the parties through the process and expense of discovery.

IT IS HEREBY **ORDERED**:

1. Defendant's unopposed "Motion to Stay Discovery, Vacate Scheduling Conference and Deter Fed. R. Civ. P. 16 Scheduling Process Pending Determination of Motion to Dismiss" [Doc. No. 18] is **GRANTED**. Discovery is stayed pending ruling on defendant's Motion to Dismiss [Doc. No. 15];

2. The Scheduling Conference set for February 9, 2009 at 9:00 a.m. is **VACATED**;

3. The parties are directed to file a status report with this court within ten days of the district court's ruling on the pending motion to dismiss if any portion of the action remains pending. A scheduling conference will be set at that time if necessary.

Dated this 16th day of January, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge