IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01852-WYD-KMT

PAUL OTENG; and
B.D. GOLDFIELDS, LTD.,

    Plaintiffs,

v.

GOLDEN STAR RESOURCES, LTD.; and
ST. JUDE RESOURCES, LTD.,

    Defendants.

**ORDER**

THIS MATTER comes before the Court on a motion entitled "Plaintiffs' Rule 59(E) Motion to Alter, Amend, and Stay Judgment and Plaintiffs' Rule 62(B)(3) Motion for Stay of Judgment" (Doc. # 53 filed May 28, 2009).  A response was filed on June 12, 2009, and a supplement to the response was filed on June 24, 2009.  No reply was filed by Plaintiffs.  For the reasons stated below, Plaintiffs' motion is denied.

I first address the portion of the motion that seeks to alter or amend the judgment pursuant to Rule 59(e).  This rule provides, "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at trial in the courts of the United States. . . ."  Fed. R. Civ. P. 59(e).  Such motion "shall be filed no later than 10 days after entry of the judgment."  *Id.*, 59(b).

Defendants assert that Plaintiffs' motion was not filed within that time frame. I agree. The Judgment was docketed on May 12, 2009. The motion was filed eleven (11) business days after entry of the Judgment (excluding the date of entry of the Judgment, weekends and a legal holiday on May 25, 2009), and no extension of that time period can be granted. *See* Fed. R. Civ. P. 6(a), (b)(2). Accordingly, it is untimely and I have no jurisdiction to consider such a motion. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241 (10th Cir. 2006).[1]

Even if I were to consider the merits of the motion under Rule 60(b), I find that Plaintiff's motion should be denied.[2] Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiffs have not alleged or shown that any grounds exist under Rule 60(b) for altering or amending the judgment. Further, I agree with Defendants that none of the Rule 60(b) circumstances are evidenced in this case. I also find that exceptional circumstances do not exist for the altering or amending of the Judgment.

Plaintiffs' request to file an amended complaint is also denied. The filing of an amended complaint is not permissible unless the judgment is set aside or vacated

---

[1] Even if the motion were timely, I find that it should be denied under Rule 59(e). Plaintiffs do not cite any change in the law or new evidence that was previously unavailable. Further, I find that Plaintiffs have not shown a need to correct clear error or prevent manifest. Instead, they simply seek to set aside the judgment so that they can file an amended complaint, which request I deny in this Order. Further, to the extent Plaintiffs disagree with the order of dismissal, they make many of the same arguments previously argued.

[2] The Court has discretion to recharacterize or convert a Rule 59(e) motion to a Rule 60(b) motion where the Rule 59(e) motion is untimely. *Allender*, 439 F.3d at 1242.

pursuant to Rules 59(e) or 60(b).  *United States v. Nielson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (citing *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005)).  I have declined to set aside the judgment in this case under those rules, as Plaintiffs have not shown that any basis exists under the rules to set aside the judgment.

Further, Plaintiffs could have sought leave to amend the complaint during the pendency of this action, since they were advised through the motion to dismiss of the deficiencies in the complaint.  Indeed, as Defendants showed in their response, each of the three amendments proposed by Plaintiffs could have been addressed prior to judgment.  Plaintiffs failed to seek such amendments prior to judgment (or at any time in connection with briefing and argument on the motion to dismiss), and I find that their request to amend the complaint at this stage of the litigation is untimely.  *See Tool Box, Inc.*, 419 F.3d at 1088 ("Courts have refused to allow postjudgment amendment when, as here, the moving party had an opportunity to seek the amendment before entry of judgment, but waited until after judgment before requesting leave.")

Finally, I deny the portion of Plaintiffs' motion that seeks to stay entry of the Judgment.  Plaintiff seeks leave to stay the judgment pursuant to Fed. R. Civ. P. 62(b)(3) and 62(h) while Plaintiff Oteng effectuates a Requisition under §§ 150(1) and 271 of the Companies Code of Ghana for an Extraordinary General Meeting of shareholders of B.D. Goldfields, Ltd. in Ghana.  The purpose of this is to file an amended complaint which purportedly would correct certain deficits in the original

complaint which I found previously required dismissal of the case. Since I have denied Plaintiffs' request for leave to file an amended complaint, this request is moot.

Based upon the foregoing, it is

ORDERED that Plaintiffs' Rule 59(E) Motion to Alter, Amend, and Stay Judgment and Plaintiffs' Rule 62(B)(3) Motion for Stay of Judgment" (Doc. # 53 filed May 28, 2009) is **DENIED**.

Dated: September 28, 2009

                                       BY THE COURT:

                                       s/ Wiley Y. Daniel
                                       Wiley Y. Daniel
                                       Chief United States District Judge